Mr. Deckett, we'll wait until the courtroom clears. There's quite a crowd here. You may proceed. Good morning, Your Honors. I'm George Deckett, the plaintiff appellant pro se. Well, thanks for granting this opportunity for me to give an oral argument. The defendant's statement in her brief states that Duckett's reliance on the vacancy announcement and the policy manuals is misplaced, is not correct. The vacancy announcement specified the requirements of the open position and the policy manuals specified the behavior requirements of the selecting official during the selection process. And the defendant chose to disregard both in what the plaintiff contends was an effort to favor the selection of the younger Rambalakis. The qualifications specified in the announcement had to cover four areas, aircraft areas, fatigue, damage tolerance, fracture mechanics, and advanced materials. In developing the technical questions for the interview examination, the selecting official chose to limit the technical questions for the interview examination by excluding advanced materials. The advanced materials of composites, an area of great familiarity with the plaintiff, was omitted. There were questions about crack growth, if I understand the record. Excuse me? There were questions about crack growth that were part of the process. And that was one of the topics that was covered in Mr. Easton's materials. Am I right about that? That's correct, yes. And there were four questions about that. But you're arguing that the vacancy announcement required, because I'm having trouble understanding this argument, the vacancy announcement required questions about composite materials? Yes. One of the four areas is advanced materials. And that's one of four. And the defendant chose not to include anything about advanced materials in the technical questions that were presented. So if that's true, then what's to believe that it was on the basis of your age or your race? The defendant was well aware of my, you could call it expertise in the area of advanced composites, an area of the vacancy announcement. Is there anything else that would suggest that they didn't ask you about that because of your age or your race? Offhand, I don't know of anything else. You mentioned crack growth. I don't know exactly what you were going with that, but crack growth would be? I was just asking, crack growth, you're not saying crack growth was an inappropriate subject? No, no, I never said that. Crack growth, if you look at those four areas, crack growth would fall into fracture mechanics. Can I just ask one thing about the vacancy announcement? It says the vacancy announcement, and it lists these materials, says the duties include providing technical corporate expertise in these four areas, fatigue, damage tolerance, fracture mechanics, advanced materials. Could you explain what that announcement means to provide technical corporate expertise? What does the job entail? Is it inspecting the aircrafts, or is it advising other people as to these four elements? One of the things that's carried out in the office that people apply for to have an aircraft built, in so doing, it has to meet all the requirements that the government specifies. So having expertise would be to make sure that what is submitted by an applicant is correct. If it's assumed that the criteria for the examination should reflect the requirements of the vacancy announcement, the plaintiff contends that Sochius's failure to consider all of the areas stated in the announcements was a violation of the HRPM. Is there any reason to believe that the questions that were asked favored the younger candidate? Do you know anything about what the younger candidate's qualifications were? I had worked with Ram Balakas, so I had some idea of what his, you know. You didn't allege that the questions somehow favored him, and you say that they disfavored you because you didn't know, or that they didn't ask in an area that you thought they would ask, but do you allege in any way, shape, or form that the questions favored the other candidate? I ask you a simple question. Did you allege that? I don't think you did, did you? How can we decide then that it was discriminatory if you don't even know what the level of knowledge of the other candidate was? Perhaps he was equally deficient with regard to that knowledge, or equally strong with regard to the knowledge that you had, and might have done just as well as you would have done had that area been questioned about. That's true, but you have to assume that. No, you have to allege, sir. You have to allege. You're representing yourself. Yes. But you have to allege, you have to understand the law just doesn't go on a hunch. The law goes on what you allege, so you have to allege that somehow the test itself was discriminatory. You haven't done that. You've alleged that you should have been questioned about something you knew about, but you have not alleged that the test was structured to favor a younger white person. Have you? No. Okay. So I don't know if I finished the point, but Sochi's failure to consider all the areas, I believe, was a violation of the HIRPM, because he was required to develop a criteria against which the test was to be conducted. So that the eligible applicants could be evaluated. Okay. The plaintiff contends that the district court erred in agreeing with the defendant's position that the plaintiff failed to establish the fourth element of a prima facie case because he failed to offer any evidence that the failure to promote occurred under the circumstances giving rise to the inference of discrimination. In the interview examination, if the interview examination was fabricated as a pretext to legitimize the selection of Ramboulakis, as the plaintiff alleges, then failing to include questions about advanced composites, the plaintiff's area of expertise, and a significant topic in the job announcement favored the younger white applicant, Ramboulakis, over the 70-year-old black applicant. So your red light is on, and you reserve one minute of rebuttal. We've read your brief, and I think we understand your argument. The argument is that the absence of these questions about advanced materials from the interview process took the interview process out of the parameters of the vacancy announcement, and we should infer discrimination on that basis. Yes. Silver. Good morning, Your Honors. My name is Rachel Balladat. I'm an assistant United States attorney for the Eastern District of New York, representing the defendant DiPelle. The crux of Mr. Duckett's claim is that the interview questions were somehow unfair to him, but as Your Honors noted, there is just a lack of evidence that the interview questions somehow discriminated against Mr. Duckett based on his race or age. His personal beliefs do not form a basis for a discrimination claim. Looking at the vacancy announcement in particular, which Mr. Duckett focused on, while, yes, the vacancy announcement first referenced advanced materials, the record is clear that Mr. Easton, who Mr. Duckett says did not discriminate against him, was the chief scientific and technical officer for the area at issue, fatigue and damage tolerance, and he testified that the questions, in fact, did deal with advanced materials. Mr. Duckett himself, at his deposition, testified at SA42 in the supplemental appendix that the questions did cover advanced composites in general, which is the area that Mr. Duckett contends is his specialty. So looking at this objectively, it was a uniform interview process. The questions were devised by Mr. Easton, not Mr. Sosius, who is the person that Mr. Duckett contends discriminated against him. The answers to the questions were provided in workshop materials that both the person selected and Mr. Duckett had in advance of the interview, and Mr. Duckett said that he had reviewed those materials before his interview. As Your Honor noted, there were four questions on crack growth that Mr. Duckett did not answer, and as Mr. Duckett said, crack growth is a fundamental area of fatigue and damage tolerance because if you do not detect crack growth, that can be fatal to an aircraft. So in short, no reasonable jury could find that there was an inference of discrimination in the way that the interview process was conducted based on his race or age. The FAA is free to devise its own criteria. The HR policy that Mr. Duckett has referenced set forth that the FAA should develop criteria and judge the candidates based on that criteria, and that is exactly what was done in this case. I have nothing further if you don't have questions. Thank you. Two things. One, Ms. Balaban mentioned about crack growth being very significant. That's true with metals. It's not true with composites. Composites delaminate. They don't crack. They delaminate. So if you're flying in a 787, you better make sure you're not just worried about cracks. You're worried about delaminations in composites. Mr. Easton is the damage tolerance technical specialist, but he does not cover composites. And he is a separate sister that covers composites, so that as far as I was concerned, the entire scope of the announcement was not covered in the technical questions. Thank you. Thank you both, and thank you for your patience with the calendar today. That's the last case on the calendar, and I'll ask the clerk to adjourn us. Court is adjourned.